Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3409 | DATE | 5/23/2003 |
| CASE TITLE | USA ex rel. Homer Hanrahan vs. Donald Snyder | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due ____. |
| (3) | ☐ | Answer brief to motion due____. Reply to answer brief due____. |
| (4) | ☐ | Ruling/Hearing on ____ set for ____ at ____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____. |
| (7) | ☐ | Trial[set for/re-set for] on ____ at ____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to ____ at ____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, this Court dismisses the Petition sua sponte. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/27/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
HOMER HANRAHAN, )
 )
              Petitioner, )
 )
v. )   No. 03 C 3409
 )
DONALD SNYDER, )
 )
             Respondent. )

DOCKETED
MAY 23 2003

## MEMORANDUM OPINION AND ORDER

Homer Hanrahan ("Hanrahan"), who is serving a term of 50 to 100 years for the 1974 murder of his wife,[1] has submitted a 28 U.S.C. §2254[2] Petition in which he "does not attack petitioner's conviction, but the fact or duration of imprisonment" (Petition ¶1). For the reasons stated in this memorandum opinion and order, this Court dismisses the Petition sua sponte.[3]

---

[1] See the opinion on Hanrahan's unsuccessful direct appeal, People v. Hanrahan, 64 Ill.App.3d 207, 380 N.E.2d 1075 (1st Dist. 1978).

[2] All further references to Title 28's provisions will simply take the form "Section--."

[3] Just why the Petition arrived on this Court's desk is somewhat unclear. When Hanrahan filled out the Administrative Office preprinted form of Section 2254 petition on April 2, 2003, he listed the Central District of Illinois as the place for filing, and the Petition does bear an April 7 "Filed" stamp from another District Court (presumably the Central District, although the name of the Clerk has been blacked out from the "Filed" stamp). More than six weeks then elapsed before the Petition was received in the Clerk's Office of this District Court on May 21. Because the Petition has nothing to do with Hanrahan's conviction more than a quarter century ago and because he is in custody at Dixon Correctional Center, the proper venue should really be in the Western Division of this Northern District of Illinois rather

7

Hanrahan is far from a stranger to the federal habeas corpus system. From the printout of his prior federal litigation efforts provided by this District Court's Staff Attorney Office, he has previously launched (in addition to a number of 42 U.S.C. §1983 actions that he has filed claiming constitutional violations) these Section 2254 actions in this Northern District of Illinois (all except the last, which was indeed filed in the Western Division, having been brought in this Eastern Division):

Case No. 82 C 1890 (see 547 F.Supp. 721 (N.D. Ill. 1982))

Case No. 86 C 244 (see 695 F.Supp. 372 (N.D. Ill. 1988), 896 F.2d 241 (7th Cir. 1990), 748 F.Supp. 603 (N.D. Ill. 1990) and 933 F.2d 1328 (7th Cir. 1991))

Case No. 86 C 4199 (see 650 F.Supp. 239 (N.D. Ill. 1986))

Case No. 96 C 50292 (see 1997 WL 148051 (N.D. Ill. Mar. 12))

Even though those earlier efforts raised different grounds for habeas relief from the subject matter of Hanrahan's newest filing, in this Court's view the current Petition still represents "a second or successive habeas corpus application" within the meaning of Section 2244(b). Some brief elaboration of that concept is required by way of explanation.

Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir. 2000) has reconfirmed that "§2254 [is] the exclusive vehicle for prisoners

---

than here in the Eastern Division. But given the delay that has already been encountered through no fault of Hanrahan's, this Court will deal with the matter rather than shipping it on and causing further delay.

2

in custody pursuant to a state court judgment who wish to challenge anything affecting that custody" (id. at 633). Consequently "when a prisoner begins in the district court, §2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case" (id.). And the very fact that Section 2244(b)(1) and (2) (emphases added) refer both to "claim[s] presented in a second or successive habeas corpus application under section 2254 that <u>was</u> presented in a prior application" and to "claim[s] presented in a second or successive habeas corpus application under section 2254 that <u>was not</u> presented in a prior application" expressly confirms that the current Petition is "second or successive" even though Hanrahan's earlier efforts had raised entirely different grounds for habeas relief.

That being so, Section 2244(b)(3)(A) specifically requires Hanrahan to seek and obtain leave from our Court of Appeals to proceed with a current Petition before he can turn to this District Court to advance his claim. That then calls for dismissal of the Petition at this level of the judicial system without prejudice, and this Court so orders.

This opinion could well stop here. But because this Court is aware of some Court of Appeals opinions elsewhere that do not read the statutory language involving "second or successive" petitions in accordance with its literal terms (see, e.g., the

3

split opinion in Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001)), a few words will be added as to the posture of the current Petition if a different view were to be taken of the Section 2244(b)(3) precondition requiring permission from the Court of Appeals.

Hanrahan's current filing attacks the claimed unconstitutional denial, for a full quarter century, of good conduct credits toward his required term in custody. Petition Attachment ¶26 is plain on that score:

> Petitioner seeks the award of day-for-day good-conduct-credit for every day of incarceration since February 1, 1978, along with the retention of all statutory good time, and other good time credits already awarded.

But the assertion of any such claim at this time is clearly outlawed by the one-year statute of limitations established by Section 2244(d)(1). So even if the Petition were not subject to dismissal because of Hanrahan's failure to have satisfied the precondition established by Section 2244(b)(3), it would be barred in any event as too stale to meet the timing requirement of Section 2244(d)(1).

## Conclusion

As mandated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has examined Hanrahan's Petition promptly upon its receipt. And because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court" (<u>id</u>.), the Petition is dismissed summarily.

                                                      */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  May 23, 2003