Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3409 | **DATE** | 6/16/2003 |
| **CASE TITLE** | USA ex rel. Homer Hanrahan vs. Donald Snyder | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on ____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Second Supplement to Memorandum Opinion and Order. Hanrahan's motion to reconsider memorandum opinion and order is denied. (11-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/16/2003 | |
| SN | courtroom deputy's initials | 03 JUN 16 PM 1:35 | date mailed notice SN mailing deputy initials | |
| | | Notice received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. HOMER HANRAHAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) | No. 03 C 3409 |
| DONALD SNYDER, | ) ) ) | |
| Respondent. | ) | |

## SECOND SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 23, 2003 memorandum opinion and order, as supplemented on May 29, concluded by dismissing the 28 U.S.C. §2254[1] Petition filed by Homer Hanrahan ("Hanrahan"). Now Hanrahan has filed a Motion To Reconsider this Court's rulings, coupled with some exhibits that explain both (1) how he came to file his Section 2254 Petition and (2) the circumstances attendant on its being transferred from the United States District Court for the Central District of Illinois to this District Court.

Exhibit 1 to the current submission reproduces the February 14, 2003 order by which District Judge Harold Baker dismissed a 42 U.S.C. §1983 action that Hanrahan and other plaintiffs had originally filed seeking the same relief. Judge Baker held that because the relief sought would affect the duration of Hanrahan's imprisonment, 42 U.S.C. §1983 was an inappropriate vehicle for

---

[1] Further citations to Title 28 provisions will take the form "Section --."

that purpose. Although Judge Baker then went on to characterize Section 2254 as the potential source for such relief and directed the Clerk of Court to mail appropriate forms for filing under that statute to Hanrahan and his co-plaintiffs, Judge Baker's dismissal order did not express any view as to the actual availability of relief under Section 2254.

What Hanrahan now states in his motion for reconsideration is that his claimed deprivation of good time is an ongoing matter, so that the advancement of his claim a full quarter century after he began to suffer such asserted deprivation renders the current action timely. But his prayer seeks relief for the entire period that began February 1, 1978, and even were that not so the fact remains that he first suffered harm from the claimed wrong back then -- so any claim on that score ripened years ago, with only the asserted damages from the claimed wrong continuing to accrue thereafter. This Court continues to view such a claim as barred by Section 2244(d)(1), even if Section 2244(b)(3)(A) were held not to apply on the premise that this is not a "second or successive habeas corpus application."

Accordingly the Motion To Reconsider is denied. Because Hanrahan has stated his intention to seek leave from the Court of

Appeals, this Court will of course abide whatever outcome stems from that effort.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 16, 2003